# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60606
Summary Calendar

LUIS PUENTE ALMARAZ,

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 884 214

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Puente Almaraz (Puente), a citizen of Mexico, petitions this court for review of an order denying his application for adjustment of status and ordering his removal to Mexico. The Board of Immigration Appeals (BIA) affirmed the order of the immigration judge.

Puente contends that he is eligible for an adjustment of status because 8 U.S.C. § 1255(i) exempts the ground of inadmissibility set forth in 8 U.S.C. § 1182(a)(9)(C)(i)(I). This court has previously upheld as reasonable the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that § 1255(i) does not exempt the ground of inadmissibility set forth in § 1182(a)(9)(C)(i)(I). *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 256 (5th Cir. 2005). Although Puente argues that this court should revisit *Mortera-Cruz* in light of decisions from the Ninth and Tenth Circuits that interpret the § 1255 waiver more broadly, one panel of this court may not overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *See United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993).

Finally, Puente contends that the BIA's interpretation of § 1182(a)(9)(C)(i)(I) leaves the statute open to a constitutional attack on equal protection grounds. Puente does not identify which classes or groups of immigrants are allegedly treated differently by the BIA's interpretation of § 1182(a)(9)(C)(i)(I). Further, this court has held that the conduct proscribed by § 1182(a)(9)(C)(i)(I) is both different from and more culpable than the conduct of an alien who is inadmissible only under § 1182(a)(6)(A)(i). *Mortera-Cruz*, 409 F.3d at 255-56. Therefore, Puente's conclusional equal protection claim is unavailing.

Accordingly, Puente's petition for review is DENIED.